1  WO                                                                                          **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Petro N. Basargin, | ) | No. CV 05-3350-PHX-EHC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corporation of America, Inc., et al. | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Dismiss for Failure to Prosecute (Doc. # 81). Plaintiff was informed of his rights and obligations to respond to the motion (Doc. # 82). Yet Plaintiff still failed to respond. The Court will grant Defendants' motion and terminate this action.

**I.    Defendants' Motion to Dismiss for Lack of Prosecution**

Federal Rule of Civil Procedure Rule 41(b) provides that a court may dismiss Plaintiff's action, or part thereof, for "failure ... to prosecute or to comply with these rules or any order of court." Unless otherwise specified, the dismissal acts as an adjudication on the merits. FED. R. CIV. P. Rule 41(b). Defendants contend that Plaintiff's failure to notify the Court of his change of address and his failure to participate in the drafting and submission of the joint proposed pretrial order, as required by this Court's May 23, 2007 Order, constitutes a failure to prosecute warranting the dismissal of this action. The Court agrees.

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

The Ninth Circuit allows dismissal under Rule 41(b) only after the district court has weighed the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). Dismissal under Rule 41(b) will not be disturbed on appeal unless there is a "definite and firm conviction" that the district court committed clear error of judgment in weighing the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

Here, the first three Thompson factors weigh in favor of dismissal. Defendants, in their motion, contend that they attempted in good faith to contact Plaintiff to jointly prepare the proposed pretrial order, which was due on June 22, 2007. Instead, Defendants learned that Plaintiff had been released from custody on February 3, 2007. Plaintiff has not notified the Court of his change of address. Plaintiff's failure to keep the Court apprised of his address and failure to participate in the preparation of the joint proposed pretrial order clearly undermines the public's interest in expeditious resolution of litigation. The case cannot advance if Plaintiff does not provide the Court with his updated address or comply with the Court's orders. Plaintiff has been on notice of his obligation to update his address since October of 2005 (Doc. # 23).

Furthermore, the Court's need to manage its docket is best served by dismissal. This case has been pending in this Court for nearly two years. When cases such as this one linger without resolution, it is only logical that the Court's docket becomes unmanageable. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (public's interest in expeditious resolution of litigation and court's need to manage its docket generally supports court's decision to dismiss).

1  The third factor also supports dismissal.  Plaintiff's actions in failing to update his address and comply with Court Orders prevents this case from moving forward.  Here, Plaintiff's complete failure to file a notice of change of address or participate in the preparation of the proposed pretrial order is sufficient grounds for the Court to dismiss under Rule 41(b).  See e.g., West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) (incurring additional expense and loss of time constitutes sufficient prejudice to dismiss).

The fourth factor, the public policy favoring disposition of cases on their merits, will rarely, if ever, support dismissal.  However, this factor is not entitled to much weight in a case such as this one in which Plaintiff himself is precluding a decision on the merits in failing to apprise the Court of his change of address.

Finally, the fifth dismissal factor, the availability of less drastic sanctions, weighs in favor of dismissal.  The Court "need not exhaust every sanction short of dismissal before finally dismissing a case."  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  Indeed, the Ninth Circuit has held that warning the plaintiff of the possibility of dismissal before actually ordering dismissal meets this requirement.  See Ferdik, 963 F.2d at 1262 (concluding that warning of dismissal is sufficient to show that court considered less drastic alternatives); Malone, 833 F.2d at 132.  The Court, in its December 8, 2005 Order, explicitly stated that failure to advise the Court of any change of address would result in the dismissal of his action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. # 28).

In sum, considering each of the above five factors, the Court finds that dismissal for failure to comply with Court orders and for failure to prosecute is warranted.[1]

Accordingly, the Complaint and this action will be dismissed.

---

[1] Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendants' motion to dismiss.  Plaintiff was warned of this possibility (Doc. # 83). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995).

1    **IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Prosecution (Doc.
2  # 81) is **GRANTED**.   The Clerk of Court must enter judgment accordingly.
3    DATED this 20th day of August, 2007.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge